## ANDOLSCHEK v. UNITED STATES.

### No. 46811.

Court of Claims.

June 1, 1948.

Thomas A. McDonald, of New York City (James S. Tobin, of New York City, on the the brief), for plaintiff.

Donald B. MacGuineas, of Washington, D. C., and Herbert A. Bergson, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, HOWELL, MADDEN and WHITAKER, Judges.

LITTLETON, Judge.

This is a suit under the Act of May 24, 1938, 52 Stat. 438, 18 U.S.C.A. §§ 729, 730, 732, for the recovery of damages, as the result of the erroneous conviction of plaintiff of a crime against the United States and imprisonment therefor after sentence by the United States District Court for the Eastern District of New York.

Plaintiff has shown that he sustained damages in excess of $5,000, by reason of his conviction, and this is admitted by defendant. Plaintiff has also proven by the recitals and findings in the judgment and decree duly made and entered September 18, 1944, by the United States District Court in which he was convicted, "that the said defendant's [plaintiff's] conduct in connection with the charge made against him did not constitute a crime or offense against the United States or the State of New York, and that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction."

Sections 1 and 2 of the Act of May 24, 1938, are set out in the margin.[1] Defendant

---

[1] "That any person who, having been convicted of any crime or offense against the United States and having been sentenced to imprisonment and having served all or any part of his sentence, shall hereafter, on appeal or on a new trial or rehearing, be found not guilty of the crime of which he was convicted or shall hereafter receive a pardon on the ground of innocence, if it shall appear that such person did not commit any of the acts with which he was charged or that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed, and that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction, may, subject to the limitations and conditions hereinafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the United States

asks this court to disregard the findings above-quoted and contained in the judgment and decree of the District Court, made and entered September 18, 1944, and dismiss the petition on the grounds (1) that plaintiff is not an innocent victim of a miscarriage of justice; that a jury found him guilty upon sufficient evidence; (2) that the reversal of his conviction by the Circuit Court of Appeals and the judgment and order of that court that the indictment be dismissed was on a ground that had no relation to his guilt or innocence; and (3) that in the circumstances the plaintiff is not one whom the statute was intended to benefit.

We are of the opinion that none of the grounds advanced by defendant can be sustained under the statute and on the record. Section 1 of the Act of 1938 (footnote 1, supra), sets forth the conditions under which a cause of action for damages may be maintained in this court, and if this section stood alone we could inquire into and determine the facts with reference to the matters upon which the defenses are founded. However, the District Court entered a judgment and order, as above-mentioned, which contained recitals and findings sufficient in all respects to meet the requirements of subsections (b) and (c) of Section 2 of the 1938 Act. We cannot go behind those findings nor can we inquire into what the record in plaintiff's case in the District Court or the Circuit Court of Appeals may show. Section 2 provides that the only evidence admissible in this court "on the issue of innocence of the plaintiff" shall be the findings of the court in which plaintiff was found not guilty. The judgment of the District Court recites the judgment of the appellate court in which it ordered that the judgment of conviction be reversed and the case remanded for dismissal of the indictment, and the findings of the District Court satisfy the requirements of Sections 1 and 2 upon which the right of plaintiff to recover the damages sustained is conditioned. In these circumstances, the only question in this court is the amount of damages sustained by plaintiff by reason of the erroneous conviction.

Defendant argues, however, that we should not accept such findings as a basis for a judgment for the damages shown to have been sustained, in view of a memorandum opinion written by Judge Abruzzo September 10, 1946, in which he stated that he was then of the opinion that Andolschek was not entitled to the recitals set forth in the original judgment and order of dismissal upon the basis of the judgment of the Circuit Court of Appeals, 2 Cir., 142 F.2d 503, and that on the record he thought the court had erred in signing the order with the recitals contained therein; but held that the order of September 18, 1944, had become final and the court did not have jurisdiction to modify or change it since the term of the court at which it was entered had long since expired. The court denied the Government's motion, and no appeal was taken. The findings originally made stand unchanged, and we must accept them as evidence sufficient to entitle plaintiff to maintain this suit for damages. What Judge Abruzzo thought about the matter two years after such findings had been made and entered is not controlling. The controlling fact is he held that the court was without jurisdiction and could not change the findings which had been made.

in the Court of Claims for damages sustained by him as a result of such conviction and imprisonment.

Sec. 2. The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, and such certificate of the court, pardon, or certified copy of a pardon shall contain recitals or findings that—

(a) Claimant did not commit any of the acts with which he was charged; or

(b) that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and

(c) that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction."

Certainly we have no jurisdiction to change or ignore such findings.

■ The facts established by plaintiff's proof show that he sustained damages substantially in excess of $5,000 because of his conviction and imprisonment. Judgment for $5,000 will, therefore, be entered in his favor. It is so ordered.

JONES, Chief Justice, and HOWELL, MADDEN and WHITAKER, Judges, concur.