### SINCLAIR v. UNITED STATES.
No. 256–52.

United States Court of Claims.

Jan. 13, 1953.

Thomas A. McDonald, New York City, Edward C. McDonald, New York City, on the brief, for plaintiff.

Harry H. Davidson, White Plains, N. Y., Holmes Baldridge, Asst. Atty. Gen., John R. Franklin, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion for summary judgment, on the ground that "there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law."

Plaintiff sues because, he alleges, he was unjustly convicted of having violated section 1461, Title 18 U.S.C. (1946 Ed., Supp. V) by the mailing of a certain letter on or about July 14, 1948.

Section 1461 declares several different things to be nonmailable matter, and prohibits their carriage in the mails or delivery from any post office or by any letter carrier. Among the things declared to be nonmailable matter are "every obscene, lewd, lascivious, or filthy book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character." It appears from the Per Curiam opinion of the United States Court of Appeals for the Third Circuit, 174 F.2d 933, affirming the conviction below, that plaintiff had mailed to his wife a certain letter which was alleged to be obscene, lewd and lascivious.

Petition for certiorari was granted by the Supreme Court and the conviction was reversed in a Per Curiam opinion citing the cases of United States v. Limehouse, 285 U.S. 424, 52 S.Ct. 412, 76 L.Ed. 843, and Swearingen v. United States, 161 U.S. 446, 16 S.Ct. 562, 40 L.Ed. 765. The Supreme Court's opinion is reported in Sinclair v. United States, 338 U.S. 908, 70 S.Ct. 342, 94 L.Ed. 559. The mandate issued pursuant to this opinion recites, so far as is material here:

"It is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby, reversed."

Plaintiff alleges in his petition facts sufficient to bring the case within section 2513 of Title 28 U.S.C., giving a right of action for imprisonment for a crime of which he was later adjudged to be not guilty. It appears from the petition, however, that the required certificate of the Court was not issued certifying to the necessary facts; but plaintiff says that the opinion and mandate of the Supreme Court is a sufficient compliance with this requirement of the Act. We shall assume *arguendo* that if the necessary facts appear in the opinion and mandate a certificate is unnecessary, and we proceed to inquire whether or not the opinion and mandate of the Supreme Court

recite the necessary facts to entitle plaintiff to recover.

Section 2513(a)(1) and (2), Title 28 U.S.C. 1946 Ed., Supp. V, requires certification of these facts: first, that plaintiff's conviction has been reversed on the ground that he is not guilty of the offense of which he was convicted; second, that he did not commit any of the acts charged; or, third, his acts, deeds or omissions in connection with such charges constituted no offense against the United States, or any State, Territory, or the District of Columbia; and, fourth, that he did not by his misconduct or neglect cause or bring about his own prosecution.

It is evident that the right to recover under this Act was hedged about with obstacles hard to overcome.

■ The first fact which must appear, to wit, that his conviction had been reversed on the ground that he was not guilty, sufficiently appears from the opinion and mandate of the Supreme Court. It must also be inferred therefrom that the act which he was charged with having committed "constituted no offense against the United States." However, it does not appear therefrom that he did not commit any of the acts charged, nor that the acts committed did not constitute a crime against the State of Pennsylvania, the State in which the acts were committed. Nor does it appear that his misconduct or neglect did not bring about his prosecution.

■ Presumably, plaintiff did commit the acts with which he was charged, because the Supreme Court rarely reverses on a question of fact, especially since the District Court had found that he did commit these acts, and this finding was affirmed by the Court of Appeals. Hence, plaintiff must show in the way prescribed by section 2513 that these acts did not constitute a crime against the State of Pennsylvania. The opinion and mandate of the Supreme Court are of course silent on this. And, yet, section 2513 makes the allegation and proof of this fact a prerequisite to recovery.

Plaintiff says that the act with which he was charged could not have constituted a crime against the State of Pennsylvania, because he was charged with mailing an obscene letter. Of course the mailing of the letter constituted no crime against the State of Pennsylvania, but whether or not the transmittal of such a letter by any means constituted a crime against the State of Pennsylvania, we do not know.

■ In Swearingen v. United States, supra, 161 U.S. at page 451, 16 S.Ct. at page 563, the Court said:

"* * * The offense aimed at, in that portion of the statute we are now considering, was the use of the mails to circulate or deliver matter to corrupt the morals of the people * * * [or] those into whose hands it might fall."

The essence of the offense, therefore, was not the mailing of the letter, but the circulation or delivery of obscene, lewd, or lascivious matter which might tend to corrupt the morals of the people or those into whose hands it might fall.

The Federal Government of course has no jurisdiction over the dissemination of such matter, except when the mails are used therefor, and so Congress, in order to prevent the circulation and delivery of such matter, resorted to the device of making the use of the mails therefor unlawful.

Now, whether or not the circulation and delivery of such matter by any means, whether by the mails or by some other means, is a crime against the State of Pennsylvania, we do not know.

■ The allegation in plaintiff's petition that it was not a crime against the State of Pennsylvania is of course a conclusion which is not binding on a motion such as the one before us.

It may be that proof of such facts by the certificate of a court not having jurisdiction of violations of the laws of a State is a requirement which should not be demanded, but it was demanded by Congress as a condition to plaintiff's right to recover, and no one other than Congress can lift the requirement.

Nor does it appear from the opinion and mandate of the Supreme Court that plain-

tiff's misconduct or neglect did not bring about his prosecution.

It results that defendant's motion for summary judgment must be granted.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.