Thomas B. GRAYSON

v.

UNITED STATES.

No. 479–57.

United States Court of Claims.
Dec. 3, 1958.

Thomas B. Grayson, pro se.

Sheldon J. Wolfe, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

Plaintiff sues the United States for just compensation for the taking of his property. The taking is alleged to arise out of the sale of plaintiff's property to satisfy a jeopardy assessment. Plaintiff says he was not given the required notices.

On March 4, 1952, plaintiff and his wife were arraigned before the United States District Court for the Northern District of Ohio for failure to file income tax returns for the years 1948 and 1949. When the case was called for trial, plaintiff could not be found. His wife was found guilty, but sentence was deferred until plaintiff could be apprehended. A bench warrant was issued for plaintiff. He was subsequently arrested and convicted and sentenced to two years imprisonment.

Shortly after plaintiff's arraignment, a jeopardy assessment was made against him and his wife, and notice and demand was made upon them for the payment of the taxes assessed.

On July 10, 1952, a notice of distraint and sale of the personal property of plaintiff and his wife was given. Since the properties did not bring enough to satisfy the jeopardy assessment, on August 5, 1952 notice of distraint and sale of the real properties of plaintiff and his wife was given, and the properties were sold.

Plaintiff says that these transactions amounted to a taking of his property in violation of the Fifth Amendment to the Constitution, because no demand was made on plaintiff for the payment of the taxes alleged to be due.

This is contrary to the facts. Sanford Schwartz, a deputy collector of internal revenue, served in person a notice and demand for the payment of tax on plaintiff's wife at plaintiff's place of business. She advised the deputy collector that she had no information as to plaintiff's whereabouts. Then on July 10, 1952, a notice of distraint on plaintiff's personal property was mailed to plaintiff and his wife, and on that date they were notified that the property would be sold at public auction on July 22, 1952, at 10:00 o'clock a. m. at the Grayson store in Ridgeville Corners, Ohio.

On July 28, 1952, a notice of distraint was mailed to Agnes W. Grayson at Ridgeville Corners, Ohio, as the owner, notifying her of the levy on certain real estate owned by her, which was therein described, and notifying her that it would be offered for sale at public auction on Thursday, August 31, 1952, at 10:00 o'clock a. m. at the premises.

On August 5, 1952, a notice of distraint and sale was mailed to plaintiff and his wife at Ridgeville Corners, Ohio, in which they were notified that their property therein described would be offered for sale on Thursday, September 4, 1952, at 11:00 o'clock a. m. at the premises.

This satisfied all the statutory requirements. Section 3655 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3655 provides:

"*Notice and demand for tax.*

"(a) *Delivery.* Where it is not otherwise provided, the collector shall in person or by deputy, within ten days after receiving any list of taxes from the Commissioner, give notice to each person liable to pay any taxes stated therein, to be left at his dwelling or usual place of business, or to be sent by mail, stating the amount of such taxes and demanding payment thereof. * *"

Sections 3693 and 3701 provide for notice to the owner of the time and place of sale of the property distrained. These sections were fully complied with.

Independent of whether or not there could have been a taking under the Fifth Amendment in a case of this sort, it would appear that the levy and sale were regular and, therefore, that plaintiff has no cause of action under either the Constitution or under any Act of Congress.

Defendant's motion is granted. Plaintiff's motions are denied, and his petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and MADDEN, Judges, concur.