"This unjust conviction and imprisonment suit is before the court on defendant’s motion to dismiss for failure to state a claim within the jurisdiction of the court. After consideration of the defendant’s motion and brief in support thereof (plaintiffs filed no opposition brief) and *1066 without oral argument, we grant defendant’s motion to dismiss.
"Plaintiffs were imprisoned in November 1974 on a charge of bank robbery. On March 19, 1975, they were found guilty by jury verdict. Plaintiffs appealed that conviction to the Tenth Circuit Court of Appeals and were granted a new trial. They were acquitted in the second jury trial. Plaintiffs each are now seeking $5,000 in damages pursuant to 28 U.S.C. § 1495 (1970) and 28 U.S.C. § 2513 (1970).
"Por a petition to state a claim for unjust conviction and imprisonment within the jurisdiction of this court, it must allege the elements set forth in 28 U.S.C. § 2513 (1970). Vincin v. United States, 199 Ct. Cl. 762, 766, 468 F. 2d 930, 933 (1972). Further, a petition 'should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.’ 2A Moore’s Federal Practice ¶ 12.08, at 2274 (2d ed.). The pertinent portion of section 2513 reads:
(a) Any person suing under section 1495 of this title must allege and prove that:
(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received. "Plaintiffs’ petition fails to allege that the record or
certificate of the court stated that they were found *1067 innocent of the charges against them. However, there is a certificate of innocence in the record which reads:
I, the undersigned Judge of the U. S. District Court, having been the Trial Judge in the above styled and numbered matter, and having instructed and submitted said cause of action to a jury, and the jury having returned a verdict of Not Guilty therein;
now, therefore, on the basis of, and by reason of the verdict of the said jurors, I herewith enter this Certificate of Innocence on behalf of the said William Calloway and Kenneth Calloway, to be made a part of the record herein and filed in said cause,
and, therefore, can be construed as satisfying the requirements of section 2513(a)(1). Still, plaintiffs’ petition is fatally defective because the certificate of innocence by the federal district judge does not contain statements required by section 2513(a)(2). Without such statements in the certificate of innocence, plaintiffs cannot prove any claim within the jurisdiction of this court. 28 U.S.C. § 2513(b) (1970). Therefore,
"it is ordered that defendant’s motion to dismiss be and hereby is granted and the plaintiffs’ petition is dismissed.”