Anthony D. HUMPHREY (Anthony
D. Humphrey–Bey)

v.

The UNITED STATES.

No. 01–118C.

United States Court of Federal Claims.

Filed May 30, 2002.

Anthony D. Humphrey, pro se, Youngstown, OH, for the plaintiff.

Elizabeth G. Candler, Washington, DC, with whom was Acting Assistant Attorney General Stuart E. Schiffer, for the defendant.

## OPINION

YOCK, Senior Judge.

On March 2, 2001, the plaintiff Anthony D. Humphrey (Anthony D. Humphrey–Bey) (the "Plaintiff" or "Mr. Humphrey") filed a Complaint against the United States (the "Defendant") with this Court, seeking relief pursuant to 28 U.S.C. §§ 1495 and 2513 (1994) based upon his claim that he was unjustly convicted of an offense against the United States and illegally incarcerated. This matter is now before the Court on the Defendant's Motion to Dismiss. For the reasons set forth herein, the Defendant's Motion to Dismiss the Complaint is granted.

### Background

On May 23, 1990, following a jury trial, the Plaintiff was convicted in the United States District Court for the Northern District of Ohio upon charges of possession of cocaine with intent to distribute ("Count I") and of possession or use of a firearm during a drug trafficking crime ("Count II"). *See* 18 U.S.C. §§ 841(a)(1), 924(c)(1) (1994). On August 22, 1990, the Plaintiff was sentenced to two consecutive terms of imprisonment for these offenses: 108 months imprisonment on Count I and 60 months imprisonment on Count II.

The Plaintiff also received a sentence of four years supervised release and a $500 fine.

The Plaintiff appealed the district court's conviction and sentence to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). The Sixth Circuit affirmed the trial court's decision on April 11, 1991. *United States v. Humphrey,* 930 F.2d 919 (6th Cir.1991) (Table). Subsequently, on October 7, 1991, the United States Supreme Court denied the Plaintiff's petition for a writ of *certiorari. Humphrey v. United States,* 502 U.S. 871, 112 S.Ct. 205, 116 L.Ed.2d 164 (1991). On January 10, 1995, the Plaintiff filed a motion with the district court pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or amend his sentence. On October 31, 1995, the district court denied the Plaintiff's motion.

On January 12, 1996, the Plaintiff filed a second motion with the district court pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or amend his sentence for Count II of the indictment. The Plaintiff based this second motion on the December 6, 1995 decision of the United States Supreme Court in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey,* the Supreme Court unanimously held that conviction for "use" of a firearm under 18 U.S.C. 924(c) required "evidence sufficient to show an *active employment* of the firearm." [1] *Id.* at 143, 116 S.Ct. 501. The Plaintiff argued that because his firearm was located in a closed suitcase in the trunk of a vehicle at the time of his arrest, the facts of the arrest could not support his conviction for the "active" use of a firearm. *See* Compl.Ex. 2. In response, the United States ultimately conceded that "the facts in this case will not support the active 'use' or employment of the firearm under 18 U.S.C. § 924(c) as required under *Bailey v. United States,*" and recommended that the district court consider vacating the Count II conviction.[2] *See* Compl.

---

1. In response to the *Bailey* decision, Congress subsequently amended section 924(c), to encompass the "passive" use of a gun in a drug-related crime. *See* 28 U.S.C. § 924(c)(1) (Supp. IV 1998).

2. The United States appears to have filed two different responses to the Plaintiff's second mo-

tion. In the first response (dated February 8, 1996), the United States opposed the Plaintiff's second motion, asserting that the mere fact that the Plaintiff had been "carrying" a firearm was enough to support his conviction on Count II of the indictment. *See* Compl.Ex. 2. Subsequently, however, the United States filed a response (un-

Ex. 9 at 4. On November 19, 1998, the district court granted the Plaintiff's second motion, dismissing Count II of the indictment and vacating the 60–month sentence imposed as a result of the Plaintiff's conviction of that offense. The conviction and sentence on Count I of the indictment, however, was not vacated. The Plaintiff was released from prison five days later on November 24, 1998.

The Plaintiff asserts that, at the time that Count II was vacated, he had already served eight months and two weeks of the 60–month sentence imposed for Count II. *See* Compl. Ex. 3. While the sentence for Count I was for 108 months (9 years), the Plaintiff asserts that he had earned 423 days of Good Conduct Time and was entitled to 97 days Prior Custody Credit, thus making March 18, 1998, the Projected Satisfaction Date for the Count I charge. *Id.*

On March 2, 2001, the Plaintiff filed a Complaint against the Defendant in this Court, seeking relief pursuant to 28 U.S.C. §§ 1495 and 2513 based upon his claim that he was unjustly convicted of an offense against the United States and illegally incarcerated. The Plaintiff also asserts claims against the United States based on the Fifth Amendment's Due Process Clause, and the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. The Plaintiff seeks $5 million in damages.[3]

On June 27, 2001, the Defendant filed a Motion to Dismiss pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1) (lack of subject matter jurisdiction) or, in the alternative, RCFC 12(b)(4) (failure to state a claim upon which relief may be granted). On September 5, 2001, the Plaintiff filed an Order of the United States District Court for the Northern District of Ohio that he characterized as a "certificate of innocence,"[4] and on November 30, 2001, the Plaintiff filed his formal Response to the Defendant's Motion to Dismiss. The Defendant replied to the Plaintiff's Response on February 8, 2002.

dated) conceding that the Plaintiff did not "use or carry" a firearm and agreeing that the district court should consider vacating the conviction on Count II of the indictment. *See* Compl.Ex. 9.

## Discussion

The United States Court of Federal Claims is a court of limited jurisdiction. *See Transcountry Packing Co. v. United States*, 215 Ct.Cl. 390, 568 F.2d 1333 (1978). Traditionally, the burden is placed on a plaintiff to establish, by a preponderance of the evidence, that this Court has jurisdiction over his claims. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Nevertheless, in deciding a motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1), this Court must accept as true all allegations of fact contained in the complaint and draw all reasonable inferences in favor of a plaintiff. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746 (Fed.Cir.1988). A similar standard is employed in deciding a motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(4), and this Court will not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Owen v. United States*, 851 F.2d 1404, 1407 (Fed.Cir.1988).

Moreover, "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). *See also Clinton v. United States*, 191 Ct.Cl. 604, 605–06, 423 F.2d 1367, 1368 (1970). However, while the Court will generously construe a *pro se* complaint, a *pro se* plaintiff still must establish the requisite elements of his claim. *See, e.g., Sanders v. United States*, 252 F.3d 1329, 1333 (Fed.Cir. 2001) (*pro se* plaintiff still required to prove jurisdiction).

3. 28 U.S.C. § 2513 specifically limits the amount of damages (if proven) to $5,000.

4. This Order also was attached to the Plaintiff's *Complaint*. *See Compl.Ex. 1.*

The Plaintiff seeks relief from this Court for his allegedly illegal incarceration. This Court has jurisdiction over suits against the United States that seek damages for unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495. This section explicitly provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

Section 1495, however, must be read in conjunction with 28 U.S.C. § 2513. *See Lott v. United States*, 11 Cl.Ct. 852, 852–53 (1987); *Grayson v. United States*, 144 Ct.Cl. 185, 168 F.Supp. 953 (1958). Section 2513 provides, in pertinent part, that:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction *and*

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

\*\*\*\*

(e) The amount of damages awarded shall not exceed the sum of $5,000.

28 U.S.C. § 2513 (emphasis added). These jurisdictional requirements are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions. *See Vincin v. United States*, 199 Ct.Cl. 762, 766, 468 F.2d 930, 933 (1972); *Sinclair v. United States*, 124 Ct.Cl. 182, 184, 109 F.Supp. 529, 531 (1953).

■ As indicated above, section 2513(b) provides that evidentiary proof of such unjust conviction and imprisonment shall be limited to either a certificate of the court in which the conviction occurred or a pardon containing the required factual recitations. 28 U.S.C. § 2513(b). No other evidence shall be received by this Court. *Id. See also Hadley v. United States*, 106 Ct.Cl. 819, 820, 66 F.Supp. 140, 141 (1946) ("Not only must these facts appear, but they must appear in a certain way, that is, by a certificate of a court or a pardon containing a recital of these facts."). This Court has no authority to re-examine in detail the facts surrounding a conviction or imprisonment; such matters are within the sole discretion of the appropriate (usually district) court or executive officer with the authority to reverse, set aside, or pardon a claimant's original conviction. *See Rigsbee v. United States*, 204 F.2d 70, 73 n. 3 (D.C.Cir.1953).

The Defendant, in its Motion to Dismiss, argues that this action should be dismissed because the Plaintiff has never filed the necessary certificate of innocence with this Court, as required by section 2513(b), and that the Order subsequently filed by the plaintiff on September 5, 2001 (and also attached to his Complaint) does not constitute a satisfactory certificate of innocence. The Order submitted by the Plaintiff reads, in pertinent part:

On August 22, 1990, the above named defendant was sentenced to 108 months on count one (21 USC 841(a)(1)) of the indictment and given a consecutive sentence of 60 months on count two (18 USC 924(c)(1)). Upon review of the petitioner's Motion to Vacate pursuant to 28 USC 2255 and the government's response thereto, the Court dismisses count two of the indictment (18 USC 924(c)(1)) and vacates the 60 month sentence imposed for that offense. In lieu of this order, the re-sentencing currently scheduled for 12/4/98 is hereby canceled.

*See* Compl.Ex. 1 (*United States v. Humphrey*, Nos. 4:90cr63, 4:97cv1392 (N.D.Ohio

Nov. 19, 1998) (Order dismissing Count II)).[5]

 On its face, this Order is not a certificate of innocence. While a court's order may arguably constitute a certificate of innocence, such an order must provide, either explicitly or by factual recitation, that a plaintiff has met the requirements of section 2513. *See Andolschek v. United States*, 111 Ct.Cl. 567, 574, 77 F.Supp. 950, 951 (1948). The Order submitted by Mr. Humphrey in this instance, however, merely provided that his conviction on Count II had been vacated. It provided no information as to the grounds upon which the conviction was vacated. The Order did not state that Mr. Humphrey did not commit any of the acts charged or that his acts constituted no offense against the United States, or any State, Territory, or the District of Columbia. The Order also did not absolve Mr. Humphrey from bringing about his own prosecution by misconduct or neglect. Indeed, the Order neither mentioned section 2513, nor purported to be a certificate of innocence. On its face, the Order is wholly inadequate for the purposes for which it is offered.

 Mr. Humphrey confuses the Order dated November 19, 1998, and signed by District Court Judge Dan A. Polster of the Northern District of Ohio, with a certificate of innocence, which is jurisdictionally required by section 2513 of title 28. A United States district court, to which a plaintiff must petition to receive a certificate of innocence, cannot issue the certificate unless it is satisfied of that petitioner's innocence. A petitioner has the burden of proof showing an entitlement to the certificate. *United States v. Keegan*, 71 F.Supp. 623, 636 (S.D.N.Y. 1947). A district court judge has broad discretion in deciding whether or not to issue such a certificate. *Rigsbee v. United States*, 204 F.2d 70, 72 (D.C.Cir.1953). The purpose of the unjust conviction statutes is to partially right an irreparable wrong done to a United States citizen who was wrongfully imprisoned. *McLean v. United States*, 73 F.Supp. 775, 778 (W.D.S.C.1947). However, the legislative history indicates that Congress did not intend to indemnify every imprisoned person

whose conviction has been set aside. *Keegan*, 71 F.Supp. at 635. Consequently, Congress attempted to accomplish this goal by requiring a plaintiff to obtain a certificate from the appropriate court or a pardon, specifically reciting the requirements of 28 U.S.C. § 2513. *Hadley v. United States*, 106 Ct.Cl. 819, 820, 66 F.Supp. 140, 141 (1946).

As the Defendant pointed out, in *Burgess v. United States*, 20 Cl.Ct. 701 (1990), the district court granted the plaintiff's motion for a writ of error *coram nobis*, but this Court subsequently held that this order did not constitute a certificate of innocence. *Burgess*, 20 Cl.Ct. at 703. The district court's order stated, in pertinent part, that:

> Having considered the entire record herein, the memoranda of counsel, and the applicable law, especially the Fifth Circuit opinion in *United States v. Tonry*, 837 F.2d 1281 (5th Cir.1988), and for reasons in that opinion, Defendant's Motion for a Writ of Error Coram Nobis is hereby Granted. Wherefore;

> It is ordered that the judgment of conviction and sentence in the above captioned matter be and they are hereby vacated, recalled and set aside.

*Id.* at 705. The plaintiff in *Burgess* maintained that the district court's order met the requirements of section 2513 and entitled him to the $5,000 prescribed by the statute. *Id.* at 703, 705. This Court, however, held that the district court's order, and the United States Court of Appeals for the Fifth Circuit's opinion related to plaintiff's case, failed to state that the plaintiff did not commit any of the charged acts or an offense against the United States, or any State, Territory, or the District of Columbia. *See id.* at 705. This Court also held that neither the order nor the decision stated that the plaintiff did not bring about his own prosecution through neglect or misconduct. *Id. See* 28 U.S.C. § 2513(a)(2). Although this Court noted that it was making no determination regarding the plaintiff's innocence or whether the plaintiff, in fact, had committed the charged acts, this Court, nevertheless, held that it did not

---

**5.** Only Count II of the indictment was dismissed. The Count I drug charge (possession of cocaine with intent to distribute) remained in effect and was affirmed in all respects.

possess jurisdiction to grant relief because of the plaintiff's failure to furnish any document reciting the statutory requirements of section 2513.

■ The district court's order dismissing Count II of Mr. Humphrey's indictment and vacating his 60–month sentence is similar to the *coram nobis* order in *Burgess*. As in the *Burgess* order, nowhere does the district court's order in Mr. Humphrey's case state that he did not commit any of the acts charged or that his actions did not constitute an offense against the United States, or any State, Territory, or the District of Columbia. Moreover, contrary to Mr. Humphrey's contention in his response to the Defendant's Motion to Dismiss, the order does not state that "the charge has been Vacated on the grounds that [Mr. Humphrey] is not guilty of the offense of which he was convictded [sic]." Pl.'s Resp. at 3. Accordingly, this Court is without jurisdiction to entertain Mr. Humphrey's section 2513 claim.

Finally, this Court notes that, even if it had been presented with a valid certificate of innocence, it could not award the Plaintiff the amount that he seeks under 28 U.S.C. § 2513. While the Plaintiff asserts in his Complaint that he is entitled to an award of $5 million, 28 U.S.C. § 2513 explicitly provides that "[t]he amount of damages awarded [under this section] shall not exceed the sum of $5,000." 28 U.S.C. § 2513(e). Even if this Court possessed jurisdiction over the Plaintiff's claim, it could not award him $5 million under section 2513.

In his Complaint and Response to the Defendant's Motion to Dismiss, the Plaintiff also raises several alternative bases for this Court's jurisdiction over his suit and upon which grounds this Court might award him the full measure of damages that he seeks. Specifically, the Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Fifth Amendment's Due Process Clause, and the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. None of these arguments, however, stand up to scrutiny.

Section 1331 provides that the federal district courts, not this Court, shall have origi-

nal jurisdiction over all civil actions involving a federal question. *See* 28 U.S.C. § 1331. As this Court has noted in the past, the United States Court of Federal Claims is not a federal district court, but rather is a special federal court of limited jurisdiction. *See, e.g., Doko Farms v. United States,* 13 Cl.Ct. 48, 59 (1987). Thus, this Court has no jurisdiction over the Plaintiff's claims pursuant to section 1331.

■ Further, while this Court has jurisdiction "to render judgment upon any claim against the United States founded *** upon the Constitution" pursuant to the Tucker Act, this Court's jurisdiction over constitutional claims is limited to those provisions that mandate the payment of money damages. 28 U.S.C. § 1491(a)(1). The Fifth Amendment's Due Process Clause, and the Eighth, Thirteenth, and Fourteenth Amendments do not mandate the payment of money damages for their violation. *See Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir. 1987), *cert. denied,* 489 U.S. 1055, 109 S.Ct. 1318, 103 L.Ed.2d 587 (1989) (Fifth Amendment Due Process Clause); *Litzenberger v. United States,* 89 F.3d 818, 820 (Fed.Cir. 1996) (Eighth Amendment); *Carter v. United States,* 228 Ct.Cl. 898, 900 (1981) (Thirteenth Amendment); *McCauley v. United States,* 38 Fed.Cl. 250, 266 (1997), *aff'd,* 152 F.3d 948 (Fed.Cir.1998) (Fifth or Fourteenth Amendment). Thus, this Court has no jurisdiction over such claims. Such claims may only be brought in the federal district court. *See* 28 U.S.C. §§ 1343, 1491.

In summary, this Court's jurisdiction in cases of unjust conviction and imprisonment is set forth by statute, but it is severely restricted. 28 U.S.C. §§ 1495, 2513. It is clear that Congress carefully limited the availability of this remedy to those who are truly innocent. This Court has consistently insisted on a strict compliance with the statutory requirements. When a suit is brought and no showing is made that the plaintiff has obtained the requisite certificate of innocence by the court, or pardon, this Court will not entertain the claim. *Lucas v. United States,* 228 Ct.Cl. 862, 1981 WL 21510 (1981); *Calloway v. United States,* 215 Ct.Cl. 1065, 578 F.2d 1388 (1978); *Stout v. United States,* 210

Ct.Cl. 722, 546 F.2d 429 (1976); *Vincin v. United States*, 199 Ct.Cl. 762, 468 F.2d 930 (1972). The Plaintiff here has not met the requirements of the statute, and this Court has no jurisdiction over the Plaintiff's claims.

## CONCLUSION

The Defendant's Motion to Dismiss is granted, and the Plaintiff's Complaint in this case is to be dismissed for lack of jurisdiction.

Each party is to bear its own costs.