**Claudious CHANNER**

v.

**Paul MURRAY, et al.[1]**

**No. 3:00CV230(SRU)WIG.**

United States District Court,
D. Connecticut.

Feb. 20, 2003.

1. The amended complaint filed by the plaintiff lists Connecticut Attorney General Richard Blumenthal, former United States Attorney General Janet Reno, the City of Hartford, ATF Agent James Markowski, Sergeant Cagarnello, Detective Michael Perodeau, Detective Gergory Merritt, Detective Wolf and Detective Ellis as defendants. Paul Murray is not named as a defendant in the amended complaint. Thus, any claims against him have been abandoned.

Claudious W. Channer, Somers, CT, Pro se.

David J. Sheldon, U.S. Attorney's Office, New Haven, CT, James J. Szerejko, Brian P. Laming, Halloran & Sage, Richard T. Biggar, Attorney General's Office Public Safety & Special Revenue, Hartford, CT, for Defendants.

## RULING ON MOTION TO DISMISS [2]

UNDERHILL, District Judge.

The plaintiff, Claudious W. Channer ("Channer"), filed this civil rights action *pro se* pursuant to 28 U.S.C. §§ 1331, 1343, 1495, 2201, 2513 and 42 U.S.C. §§ 1983 and 1985. He alleges that defendants City of Hartford, James Markowski ("Markowski"), Connecticut Attorney General Richard Blumenthal ("Blumenthal") and former United States Attorney General Janet Reno ("Reno") falsely arrested and imprisoned him on federal criminal charges. Pending is a motion to dismiss

---

2. On September 27, 2002, the plaintiff filed a notice of appeal of the court's ruling granting in part and denying in part the City of Hartford and Merritt's motion to dismiss. That appeal is still pending. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). The divestiture of jurisdiction rule is not "automatic." *Id.* Instead, "it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir.) (internal citation and quotation omitted), *cert. de-nied*, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989). Thus, in certain circumstances the filing of a notice of appeal does not divest the district court of jurisdiction. *See, e.g., New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir.1989) (there is no complete divestiture of jurisdiction where "the judgment appealed from does not determine the entire action, in which case the district court may proceed with those matters not involved in the appeal"), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). Because the ruling appealed from only addresses the claims against defendants City of Hartford, Markowski, Perodeau, Merritt, Wolf, Ellis and Cagarnello and does not involve defendants Reno and Blumenthal, the court concludes that it is not divested of jurisdiction to issue this decision.

filed by Markowski and Reno. Because the court has already dismissed all claims against Markowski in a prior ruling [doc. # 53], the court denies the motion to dismiss as to Markowski as moot. For the reasons that follow, the motion is granted as to Reno.

### Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Thomas v. City of New York,* 143 F.3d 31, 37 (2d Cir.1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000); *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996) (quoting *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995)) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." *Gomes v. Avco Corp.,* 964 F.2d 1330, 1335 (2d Cir.1992).

### Facts [3]

On January 9, 1990, Channer pleaded guilty in this District to one count of knowingly and intentionally using and carrying a firearm during and in relation to a drug trafficking. Judge Peter C. Dorsey sentenced him to a mandatory five-year term of imprisonment. On June 22, 1998, Judge Dorsey granted Channer's petition for writ of habeas corpus and vacated the judgment of conviction. Channer alleges that Reno, Blumenthal, the City of Hartford and Markowski falsely arrested and imprisoned him on the federal charge. Channer seeks relief against Reno and Blumenthal under 28 U.S.C. §§ 1495, 2513. He seeks monetary damages from the defendants.

### Discussion

Reno moves to dismiss the claims against her on six grounds. She argues that: (1) Channer has failed to state a claim for false imprisonment under 28 U.S.C. §§ 1495, 2513; (2) Channer has failed to state a claim for false imprisonment under *Bivens;* (3) Channer has failed to state a claim of fraudulent concealment under Connecticut General Statutes § 52–595; (4) Channer has failed to properly serve her with a copy of the amended complaint; (5) all claims in the amended complaint are barred by the statute of limitations; and (6) she is entitled to qualified immunity.

### I. *Claims for False Arrest/Imprisonment Under 28 U.S.C. §§ 1495, 2513*

■ Reno argues that Channer has failed to state a claim of false imprison-

---

**3.** The facts as they relate to defendants Reno and Blumenthal are taken from the complaint and amended complaint.

ment under 28 U.S.C. §§ 1495 and 2513. Channer does not address this argument.

Under 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. "Section 1495, however, must be read in conjunction with 28 U.S.C. § 2513." *Humphrey v. United States,* 52 Fed. Cl. 593, 596 (2002) (citing *Lott v. United States,* 11 Cl.Ct. 852, 852–53 (1987); *Grayson v. United States,* 144 Ct.Cl. 185, 168 F.Supp. 953 (1958)). Section 2513 provides, in pertinent part, that:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513. The United States Court of Federal Claims strictly construes these jurisdictional requirements and places a heavy burden upon a claimant seeking relief under these provisions. *See Humphrey,* 52 Fed.Cl. at 596 (citing *Vincin v. United States,* 199 Ct.Cl. 762, 766, 468 F.2d 930, 933 (1972); *Sinclair v. United States,* 124 Ct.Cl. 182, 184, 109 F.Supp. 529, 531, *cert. denied,* 345 U.S. 974, 73 S.Ct. 1123, 97 L.Ed. 1390 (1953)).

Channer alleges that Blumenthal, Reno and the City of Hartford falsely imprisoned him on the charge of using and carrying a firearm in relation to a drug trafficking crime. He claims that he is entitled to monetary compensation pursuant to 28 U.S.C. §§ 1495 and 2513. Reno argues that Channer must bring his claims pursuant to these statutes in the Court of Federal Claims. This court agrees. The plain language of 28 U.S.C. § 1495 indicates that relief must be sought in the United States Court of Federal Claims. The legislative history of 28 U.S.C. § 1495 also suggests that Congress intended the Court of Federal Claims to have exclusive jurisdiction over claims brought for unjust conviction and imprisonment. *See Calloway v. United States,* 431 F.Supp. 1111, 1113–14 (E.D.Okla.1977) (holding that legislative history of 28 U.S.C. § 1495 contained no indication that Congress intended district court to have concurrent jurisdiction over claims brought under the statute for unjust conviction and imprisonment). Accordingly, this court does not have jurisdiction over Channer's claims for monetary relief pursuant to 28 U.S.C. §§ 1495 and 2513, and those claims are dismissed.[4]

---

**4.** It is also apparent that the plaintiff's complaint does not comply with subsection (b) of 28 U.S.C. § 2513 because it does not contain a certificate of innocence or a pardon. *See Humphrey,* 52 Fed. Cl. at 596–97 (holding

that although the court's order vacating one count of the conviction pursuant to the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) "may arguably constitute

## II. Claims of False Imprisonment Pursuant to Bivens

Although Channer does not specifically allege that he is suing Reno for false imprisonment in violation of the Fourth Amendment, the court will liberally construe his amended complaint as including such a claim.[5] Reno first argues that the claim for monetary damages against her in her official capacity is barred by the doctrine of sovereign immunity.

### A. Official Capacity Claims

■ Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. *Bivens,* 403 U.S. at 395, 91 S.Ct. 1999. A *Bivens* action is the non-statutory federal counterpart of a suit brought pursuant to 42 U.S.C. § 1983 and is aimed at federal rather than state officials. *See Ellis v. Blum,* 643 F.2d 68, 84 (2d Cir.1981); *Mittleman v. United States Treasury,* 773 F.Supp. 442, 451 n. 8 (D.D.C.1991); *Chin v. Bowen,* 655 F.Supp. 1415, 1417 (S.D.N.Y.), *aff'd,* 833 F.2d 21, 24 (2d Cir.1987) (citations omitted). A *Bivens* action, however, will only lie against a federal government official and any such action against the United States or an agency thereof is routinely dismissed. *See*

*F.D.I.C. v. Meyer,* 510 U.S. 471, 484–85, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Platsky v. C.I.A.,* 953 F.2d 26, 28 (2d Cir. 1991); *Mack v. United States,* 814 F.2d 120, 122–23 (2d Cir.1987).

It is well settled that suits filed against federal government employees acting in their official capacities must be construed as suits against the United States. *See Kentucky v. Graham,* 473 U.S. 159, 166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994); *Owens v. Fulton County,* 877 F.2d 947, 951 n. 5 (11th Cir.1989) (suit against defendant in his official capacity synonymous with claim against sovereign or entity for whom defendant acts). The doctrine of sovereign immunity, however, bars an action for damages against the United States. *See Mack,* 814 F.2d at 122–23; *Keene Corp. v. United States,* 700 F.2d 836, 838 n. 3, 845 n. 13 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). Consequently, sovereign immunity bars a *Bivens* action brought against a federal employee in his official capacity, unless such immunity is waived. *See Meyer,* 510 U.S. at 475, 114 S.Ct. 996; *Liffiton v. Keuker,* 850 F.2d 73, 77 (2d Cir.1988); *Mack,* 814 F.2d at 122–23. The United States has not waived its sovereign immunity for damages arising from constitutional violations. *See Platsky,* 953 F.2d at 28; *Keene Corp.,* 700 F.2d at 845 n. 13.

a certificate of innocence, such an order must provide, either explicitly or by factual recitation that a plaintiff has met the requirements of section 2513."). In addition, a claim filed pursuant to 28 U.S.C. §§ 1495 and 2513 must be filed against the United States. Here, the United States is not a defendant. Because of all these deficiencies, the court will not transfer the case to the United States Federal Court of Claims.

5. The court notes that Janet Reno was not appointed as United States Attorney General until after President Clinton was elected in 1992. Thus, she was not the Attorney General at the time of the plaintiff's arrest and sentencing in 1989 and 1990. On March 23, 1994, the plaintiff was transferred to state custody to begin serving a state sentence. Thus, Reno was the Attorney General during part of the plaintiff's incarceration pursuant to the federal criminal conviction.

The court concludes that the plaintiff's claim of false imprisonment against Reno in her official capacity as United States Attorney General is barred by sovereign immunity and is dismissed.

### B. *Individual Capacity Claims*

█ Reno also argues that Channer has not alleged that she was involved in any way in his prosecution or subsequent imprisonment on the charge of using and carrying a firearm during and in relation to a drug trafficking crime. The plaintiff does not address this claim.

To establish a *Bivens* claim, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions that are alleged to have caused the constitutional deprivation. *See Barbera v. Smith,* 836 F.2d 96, 99 (2d Cir.1987) (holding that plaintiff failed to plead a cognizable claim for relief under *Bivens* because she did not allege any personal involvement of defendant supervisor), *cert. denied sub nom., Barbera v. Schlessinger,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989); *accord Cuoco v. Moritsugu,* 222 F.3d 99, 109 (2d Cir.2000). A supervisory official who has not directly participated in the conduct complained of may be found personally involved in the deprivation of an inmate's rights in other ways. For example, he or she may have created, or permitted to continue, the policy or practice pursuant to which the alleged violation occurred; or have acted recklessly in managing his or her subordinates who caused the unlawful incident. *See Barbera,* 836 F.2d at 99 (citing *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986)).

Here, the plaintiff simply states in his amended complaint that Reno is "charged with false imprisonment of the plaintiff for using and carrying a firearm during and in relation to a drug trafficking crime." Compl. at 3. The plaintiff does not allege that former Attorney General Reno was involved in or even aware of his arrest, prosecution or sentencing in 1989 and 1990. In fact, as noted above, she was not the United States Attorney General at the time of the plaintiff's arrest and sentencing. There are no allegations that Reno was personally aware of or involved in the plaintiff's subsequent confinement in federal prison from January 1990 until March 23, 1994, when he was transferred to state custody. Thus, the plaintiff has failed to allege the personal involvement of Reno in his false arrest and false imprisonment and the motion to dismiss is granted on this ground as to the claims against Reno in her individual capacity.

### III. *Claims Against State Attorney General Blumenthal*

█ The plaintiff also alleges that State Attorney General Blumenthal "falsely imprisoned him for using and carrying a firearm during and in relation to a drug trafficking crime." Compl. at 3. Channer claims that he must be compensated for his false imprisonment.

Because the Attorney General Blumenthal is employed by the State of Connecticut, the court will liberally construe his claims as claims brought pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment right to be free from an unlawful seizure. Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. *See Florida Dep't of State v. Treasure Salvors,* 458 U.S. 670, 684, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. *See Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Eleventh Amendment im-

munity that protects the state from suits for monetary relief also protects state officials sued for damages in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The plaintiff seeks monetary damages from all of the defendants in their individual and official capacities. Because an award of damages against Blumenthal in his official capacity is barred by the Eleventh Amendment, the claims against Blumenthal in his official capacity are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("the court shall dismiss the case at any time if the court determines that ... the action ... seeks monetary relief against a defendant who is immune from such relief."); *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.1999) (28 U.S.C. § 1915(e)(2)(B)(i)—(iii) applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*) (per curiam).

█ It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions that are alleged to have caused the constitutional deprivation. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). The doctrine of *respondeat superior* is not applicable in section 1983 cases. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

A supervisory official who has not directly participated in the conduct complained of may be found personally involved in the deprivation of an inmate's rights in other ways. For example, he may have failed to remedy the wrong after the violation was brought to his attention through a report or appeal; created, or permitted to continue, the policy or custom pursuant to which the alleged violation occurred; or been grossly negligent in managing officials under his supervision who caused the unlawful incident. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (citing *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986)).

The plaintiff does not allege that Blumenthal was involved in his arrest and prosecution in federal court on charges of drug trafficking and use of a firearm. He does not allege that Blumenthal, as Attorney General for the State of Connecticut, was even aware of his arrest or his incarceration in a federal prison facility pursuant to a federal conviction. As Attorney General for the State of Connecticut, Blumenthal has no jurisdiction over federal criminal matters. The mere fact that this defendant holds a position of authority is insufficient to demonstrate his personal involvement in the incident giving rise to this action. Because the complaint contains no allegations demonstrating Blumenthal's involvement in the plaintiff's arrest, prosecution, sentencing and confinement in federal prison, the complaint is dismissed as to Blumenthal in his individual capacity on the ground of lack of personal involvement. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (iii); *Carr*, 171 F.3d at 116.

### Conclusion

The Motion to Dismiss [**doc. # 47**] filed by Reno and Markowski is GRANTED as to all claims against Reno and DENIED

as moot as to the claims against Markowski. The claims against Blumenthal are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)—(iii); *Carr*, 171 F.3d at 116. Because the court has dismissed all of the federal claims against Reno and Blumenthal, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims against them. *See* 28 U.S.C. § 1367(c)(3); *Spear v. Town of West Hartford*, 771 F.Supp. 521, 530 (D.Conn.1991) ("absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of"), *aff'd*, 954 F.2d 63 (2d Cir.), *cert. denied*, 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992). Thus, the pendent state law claims against Reno and Blumenthal are dismissed without prejudice.

**SO ORDERED.**