Plaintiff, a resident of the United States Penitentiary at Terre Haute, Indiana, petitions pro se for money damages at the rate of $150 per day and for a permanent injunction requiring his release from alleged unjust imprisonment. Plaintiff alleges mental sufferings and deprivation of liberty without just cause. He alleges broadly that his constitutional rights have been violated and that he has been unsuccessful in having his conviction overturned both through habeas corpus actions and on direct appeal. Defendant has moved to dismiss on the grounds of our lack of jurisdiction over the subject matter or, in the alternative, that plaintiff has failed to state a claim on which relief can be granted by this court.
Our jurisdiction in cases of unjust conviction and imprisonment is set forth in the statutes, but is severely restricted. 28 U.S.C. §§1495 and 2513 (1976). It is clear that Congress carefully limited the availability of these statutes to those who are truly innocent. This court has consistently insisted on a strict compliance with the statutory requirements. Where, as here, suit is brought and no showing is made that plaintiff has obtained the requisite certificate of innocence by the court, or pardon, this court will not entertain the claim. Calloway v. United States, 215 Ct. Cl. 1065 (1978); Stout v. United States, 210 Ct. Cl. 722 (1976); Vincin v. United States, 199 Ct. Cl. 762, 468 F.2d 930 (1972). Plaintiff here has not met the requirements of the statute and we have no jurisdiction.
it is therefore ordered that the defendant’s motion to dismiss is granted. The petition is dismissed.
Plaintiffs motion for reconsideration was denied November 20,1981.