Defendant moves to dismiss plaintiffs pro se petition for lack of jurisdiction or, alternatively, for failure to state a claim on which relief can be granted. To the extent the court relies on an affidavit which was furnished by defendant and which is referred to hereafter, defendant also seeks summary judgment. The pending motion is unopposed by plaintiff and the time for such response has expired.
Plaintiff, a prisoner in the Louisiana State Penitentiary and a former Marine, claims that he was unjustly convicted and imprisoned for possession of heroin, that his conviction has been reversed by the United States Court of Military Appeals, and that he did not commit any of the acts for which he was charged. United States v. McMurry, 6 M.J. 348 (C.M.A. 1979). We have read the opinion and it is true that the Court of Military Appeals held the evidence against plaintiff to be insufficient to sustain his conviction of possession. Plaintiff seeks money damages and a writ of mandamus to correct his military records.
This court’s jurisdiction over claims for unjust imprisonment is restricted by the provisions of 28 U.S.C. §2513. Among other things, that statute provides that proof of innocence of the offense for which convicted can be established by a pardon, on the explicitly stated grounds of innocence and unjust conviction, or proof of judicial rever *898 sal of the conviction on the grounds of innocence. The statute provides further, however, that:
(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
Plaintiff has furnished us with no such certificate. The fact that he has not even requested one of the Court of Military Appeals is attested to by an affidavit before us signed by the clerk of that court. We therefore have no jurisdiction under this statute. Calloway v. United States, 215 Ct. Cl. 1065 (1978); Stout v. United States, 210 Ct. Cl. 722 (1976); Vincin v. United States, 199 Ct. Cl. 762, 468 F.2d 930 (1972).
To the extent that plaintiffs claim is based on the Tucker Act, it is clear from the language of that Act that we have no tort jurisdiction. 28 U.S.C. §1491 (1976). His claim sounds in tort.
Plaintiff seeks mandamus to correct his service records in an unspecified manner. Since he has failed to state a money claim within the jurisdiction of the Court of Claims, we lack jurisdiction to grant him any nonmonetary relief. United States v. Testan, 424 U.S. 392 (1976).
it is therefore ordered, without oral argument, that defendant is granted summary judgment. The petition is dismissed.
Plaintiffs motion for reconsideration, etc. was denied November 6,1981.