per curiam:
Plaintiff, proceeding pro se, is a prisoner in the Huntington State Correctional Institution, incarcerated for criminal homicide upon conviction by the Court of Common Pleas, Lancaster, Pennsylvania. Presently he petitions for a directed verdict, mandamus, and miscellaneous other relief, but his principal claim, and the only one we conceivably could consider, is for damages alleged to *820 have been suffered from unjust conviction and wrongful imprisonment. Plaintiff asks for summary judgment. Defendant has moved to dismiss.
This is the latest in a long series of actions brought by plaintiff against various individuals and authorities involved in his arrest and conviction and challenging his criminal trial. He has brought the former actions in the Pennsylvania state and federal courts. He now names the United States as defendant along with the prior defendants against whom he has unsuccessfully sought relief for alleged improprieties.
We have examined plaintiffs extensive submissions to the court but find no merit in them. He has failed to state any claims cognizable by this court because none of his allegations are based on contracts, regulations, statutes, or constitutional provisions mandating compensation by the United States. Eastport S.S. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967). Although plaintiff has set forth an indiscriminate hodgepodge of alleged jurisdictional support for his position and randomly cites federal criminal and civil statutes, none is of any assistance to him.
The only conceivable basis for plaintiffs claim would be limited monetary relief for unjust conviction and wrongful imprisonment. 28 U.S.C. §1495 (1976). However, a claim of this nature is severely restricted by the requirements of 28 U.S.C. §2513 (1976) which is jurisdictional and therefore must be strictly construed. To be successful under this statute a plaintiff must furnish this court with a copy of his pardon on the explicitly stated grounds of innocence and unjust conviction, or a certificate of the convicting court that his conviction had been reversed on the grounds of his innocence. No other evidence may be considered under the statute. Plaintiff here has made no such showing to us. Indeed, we do not see how he can meet the statutory tests, having been convicted in a state and not a federal court for an offense against state law and not against the United States or its laws. Lucas v. United States, 228 Ct. Cl. 862 (1981); McMurry v. United States, 228 Ct. Cl. 897 (1981), cert. denied, 459 U.S. _ (1982); Stout v. United States, 210 Ct. Cl. 722 (1976); Vincin v. United States, 199 Ct. Cl. 762, 468 F.2d 930 (1972).
*821 it is therefore ordered, without oral argument, that plaintiffs motion for summary judgment is denied for lack of jurisdiction. Defendant’s motion to dismiss is granted. The petition is dismissed.
Plaintiffs request for review or rehearing en banc was denied April 27, 1982; plaintiffs petition for a writ of certiorari was denied 456 U.S. 981 (1982).