36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Perry Du. Wayne CAUDLE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5100.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Mr. Caudle appeals from the February 24, 1994 order of the United States Court of Federal Claims, which dismissed his complaint filed pursuant to 28 U.S.C. Sec. 1495, to recover damages for unjust conviction of an offense against the United States. The lower court dismissed Mr. Caudle's complaint because he did not meet the jurisdictional requirement of 28 U.S.C. Sec. 2513(b) by filing a certificate of the convicting court establishing his innocence of the charges alleged against him. We affirm the judgment of the Court of Federal Claims.
 
 DISCUSSION
 
 2
 Mr. Caudle was convicted by a jury on eight counts relating to armed robberies in two banks in Tennessee. He appealed his conviction to the United States Court of Appeals for the Sixth Circuit which, in a decision issued November 14, 1986, reversed the jury verdict on counts two, three, four and seven of the indictment on the ground that the evidence identifying Caudle as a participant was insufficient. The decision also reversed count one because of the weakness of the evidence. However, the court affirmed the conviction on counts five, six, and eight of the indictment and remanded the case for sentencing on those counts.
 
 
 3
 Thereafter, Mr. Caudle was sentenced to serve several terms of imprisonment on the remanded counts. On February 24, 1994, Mr. Caudle filed in the Court of Federal Claims a claim for $25,000.00 damages for unjust conviction and imprisonment pursuant to sections 1495 and 2513 of Title 28 of the United States Code.
 
 
 4
 * The courts have repeatedly held that the requirements of 28 U.S.C. section 2513 are jurisdictional and that the plaintiff cannot recover under this statute unless he furnishes a certificate of the convicting court that his conviction has been reversed on the grounds of his innocence. See Moore v. United States, 230 Ct.Cl. 819, 820 (1982); Lucas v. United States, 228 Ct.Cl. 862, 863 (1981); Vincin v. United States, 468 F.2d 930, 933 (Ct.Cl.1972). Accordingly, we find that the court below correctly dismissed Mr. Caudle's complaint because he did not furnish the certificate of his innocence.
 
 II
 
 5
 After the Court of Federal Claims dismissed his complaint, Mr. Caudle wrote the Court of Appeals requesting a certificate of innocence. He alleges that there was no reply. He made the same request of the United States District Court in Nashville, Tennessee, and received a reply from the deputy clerk of that court, offering to provide him with certified copies of the orders reflecting the reversal of his conviction by the Sixth Circuit. The reply stated that the clerk's office did not have a form for a certificate of innocence and had never heard of such a form. Because copies of Mr. Caudle's correspondence with the courts were not before the lower court and had no bearing on its decision, the Government urges that this correspondence should not be considered in this appeal. We find that the correspondence is irrelevant in light of the record before us which shows that Mr. Caudle could not recover in any event, because he did not and could not comply with 28 U.S.C. section 2513(a)(2) which provides (emphasis supplied):
 
 
 6
 (a) Any person suing under section 1495 of this title must allege and prove that:
 
 
 7
 * * *
 
 
 8
 (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
 
 
 9
 In affirming Mr. Caudle's conviction on counts five, six, and eight, the Court of Appeals in its opinion stated:
 
 
 10
 Caudle does not challenge his conviction on counts five, six, or eight on appeal. He admits that there was sufficient evidence to find him guilty of transporting the stolen getaway car on June 28, 1985, robbing the bank that day, and carrying a firearm during the robbery.
 
 
 11
 Accordingly, the Court of Appeals remanded the case to the District Court for sentencing him on the counts which were affirmed and as previously stated, he was thereafter sentenced to be imprisoned on the remanded counts.
 
 
 12
 As shown by the emphasized language of Section 2513(a)(2), Mr. Caudle was required to prove that he did not commit any of the acts charged. The fact that his conviction was reversed on five of the eight counts because of the insufficiency of the evidence, does not entitle him to recover. See Burgess v. United States, 20 Cl.Ct. 701, 704 (1990); Sinclair v. United States, 109 F.Supp. 529 (Ct.Cl.), cert. denied, 345 U.S. 974 (1953). Because Mr. Caudle has not established his innocence of the counts on which his conviction was affirmed and on which he was imprisoned, the decision of the Court of Federal Claims must be affirmed.