Gary Thomas DETHLEFS,

v.

The UNITED STATES.

No. 03–1863C.

United States Court of Federal Claims.

June 8, 2004.

Gary Thomas Dethlefs, Ray Brook, NY, pro se.

Elizabeth Thomas, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for the defendant.

## OPINION

YOCK, Senior Judge.

This case comes before the Court on the Defendant's Motion to Dismiss filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). As part of his response, the plaintiff filed a Motion for Judgment on the Pleadings and a Motion for an Injunction.

### Facts

Plaintiff Gary Thomas Dethlefs is currently incarcerated, serving his criminal sentence after being convicted on drug and tax offenses by the United States District Court for the District of Maine in *United States v. Dethlefs,* No.Crim. 94–34–P–C. The plaintiff pleaded guilty to these offenses and was convicted on August 22, 1995. The plaintiff filed his Complaint in this Court on August 4, 2003, alleging that he was wrongfully arrested, convicted, and imprisoned for the offenses to which he had previously pleaded guilty.

The plaintiff's Complaint asserts several tort claims, a purported contract claim, and a constitutional claim arising from his criminal proceedings. First, the plaintiff alleges that the United States is liable for several torts resulting from his alleged wrongful arrest, conviction, and subsequent incarceration. The plaintiff's tort claims can be broadly categorized as claims for false imprisonment (the plaintiff refers to this tort as "kidnapping"), trespass, fraud, and slander. *See* Complaint at ¶¶ 1, 10–20, 26, 28, 29, 66, 69, 76, 79, 86. Second, the plaintiff also contends that the United States forced him to enter into a labor contract as part of his criminal case. *See id.* at ¶¶ 1, 5–10, 18–20, 27–29. The plaintiff asserts that the United States entered into this labor contract with him by releasing him on bail during his criminal case, and he seems to argue that the defendant breached this purported contract by incarcerating him following his conviction. *See id.* Finally, the plaintiff argues that his constitutional due process rights were violated during his criminal proceedings. *See id.* at ¶ 44.

The plaintiff's prayer for relief seeks myriad remedies. The plaintiff seeks an injunction to overturn his conviction, a declaratory judgment that he is not a citizen or national of the United States, and monetary damages in the amount of $9 million for his tort claims and $15,000 per day on his contract claim for every day that has passed since July 20, 1994. *See* Complaint at 35. After filing his Complaint, the plaintiff filed a Motion for an Injunction in which he requests "an Injunction against transfering [sic] Plaintiff from the Institution he is currently housed, to a low security Institution." Motion for an Injunction at 1. The plaintiff filed this motion on January 12, 2004.

Because the plaintiff's claims have no merit, the Court hereby GRANTS the Defendant's Motion to Dismiss and DENIES both the plaintiff's Motion for Judgment on the Pleadings and his Motion for an Injunction.

### Discussion

I. The Court Lacks Subject–Matter Jurisdiction to Hear the Plaintiff's Claims.

The plaintiff's Complaint must be dismissed because this Court lacks jurisdiction to hear his claims. While *pro se* litigants are generally allowed some leniency in the formalities of their pleadings, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), they are not immune from laws and rules of procedure simply on the basis of their *pro se* status. *See, e.g., Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.1991). Every plaintiff—including *pro se* filers—must satisfy the Court's plead-

ing requirements. *See Paalan v. United States,* 57 Fed.Cl. 15, 16 (2003) (citing *Ledford v. United States,* 297 F.3d 1378, 1383 (Fed.Cir.2002)). One of the Court's pleading requirements is set forth in RCFC 8(a)(1), which requires claimants to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." *Id.*

When the defendant challenges this Court's jurisdiction over the plaintiff's claims, the plaintiff bears the burden of proving that subject-matter jurisdiction is proper. *See Schickler, TMD U.S.A., Inc. v. United States,* 54 Fed.Cl. 264, 268 (2002) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The leniency generally afforded to *pro se* litigants in the formalities of their pleadings does not relieve them of this burden, *see id.,* and courts cannot waive jurisdictional requirements in *pro se* cases. *See Kelley v. Secretary, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987). In this case, the Defendant's Motion to Dismiss challenged the Court's jurisdiction, and the plaintiff has failed to meet his burden of proving that the Court has jurisdiction over the tort, contract, and constitutional claims asserted in his Complaint, all of which arise from the context of the plaintiff's prior criminal case.

This Court of limited jurisdiction may entertain claims and grant relief against the United States only to the extent that the United States has waived its sovereign immunity. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) *("Mitchell II")*. The plaintiff's Complaint asserts that jurisdiction is proper on three grounds: (1) the Tucker Act, 28 U.S.C. § 1491 (2000); (2) the unjust conviction and imprisonment statutory scheme, codified at 28 U.S.C. §§ 1495, 2513 (2000); and (3) 28 U.S.C. § 2502 (2000), which allows foreign nationals to bring claims against the United States under certain limited circumstances. The plaintiff's Complaint must be dismissed because he has failed to prove that he can sustain his claims under any of these statutes.

### A. The Court does not have jurisdiction to hear the plaintiff's claims under the Tucker Act.

While the plaintiff's Complaint asserts the Tucker Act, 28 U.S.C. § 1491, as a basis for jurisdiction, this statute "does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) *("Mitchell I")* (quoting *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). The Tucker Act merely serves as a waiver of sovereign immunity for the types of claims specified in the statute. *See Mitchell II,* 463 U.S. at 212, 103 S.Ct. 2961. Therefore, the Tucker Act confers jurisdiction upon this Court only where a plaintiff establishes that his claim is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Here, the plaintiff's Complaint asserts tort claims, a purported contract claim, and a constitutional due process claim. None of these claims are properly brought under the Tucker Act. The plaintiff's tort claims are expressly excluded by the Tucker Act, and his purported contract and due process claims are not founded upon any constitutional, statutory, regulatory, or contractual provision that mandates the payment of money to him for these claims.

### 1. The Court does not have jurisdiction over the plaintiff's tort claims.

The Tucker Act explicitly deprives this Court of jurisdiction to entertain the plaintiff's tort claims. *See* 28 U.S.C. § 1491(a)(1); *accord Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir.1993). The Tucker Act states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States * * * not sounding in tort." 28 U.S.C. § 1491(a)(1). Tort claims against the United States must be brought in the district courts under the

Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b)(1).

The plaintiff's Complaint alleges several different torts against the United States, all of which arise from the context of his criminal proceedings. While it is difficult to discern the exact nature of the plaintiff's tort claims from his ambiguous Complaint, it is clear that most of the claims asserted in the Complaint sound in tort. These tort claims can be broadly categorized as claims for false imprisonment, trespass, fraud, and defamation. *See, e.g.*, Complaint at ¶¶ 1, 10–20, 26, 28–29, 66, 69, 76, 79, 86. The Court has no jurisdiction under the Tucker Act to entertain these or any other tort claims that may be construed from the plaintiff's Complaint.

2. The Court does not have jurisdiction over the plaintiff's contract claim, which is based upon events that allegedly occurred in the context of his criminal proceedings.

As with his tort claims, the plaintiff's purported contract claim is based upon allegations that relate to his prior criminal proceedings. It is difficult for the Court to ascertain the precise nature of this claim because the allegations in the plaintiff's Complaint are very ambiguous. The plaintiff has not furnished the Court with a copy of his purported contract with the United States. It appears from his pleadings, however, that the plaintiff is asserting that he is entitled to be paid on a contract "labor claim" for what he alleges to be a wrongful imprisonment. *See* Complaint at ¶ 19. The plaintiff also seems to allege that he entered into a contract with the United States when he was released on bail: "When I was offered and accepted and signed a contract to be released on bail, that is a labor contract. You will perform to the terms of the contract or I will be imprisoned." *Id.* at ¶ 26.

■ Even accepting at face value the allegations upon which the plaintiff's purported contract claim are based, these allegations plainly relate to events that allegedly arose within the context of the plaintiff's criminal proceedings. This Court lacks jurisdiction to entertain a contract claim arising from an agreement allegedly reached in a criminal

case. *See Sanders v. United States*, 252 F.3d 1329, 1335–36 (Fed.Cir.2001). In *Sanders*, a petitioner convicted of mail fraud brought a breach of contract claim against both the United States and the Assistant United States Attorney who handled his case, alleging that the defendants breached the parties' agreement regarding the petitioner's post-trial bail status. After the case was transferred to the Court of Federal Claims, the Court dismissed the petitioner's claim for lack of subject-matter jurisdiction.

The United States Court of Appeals for the Federal Circuit in *Sanders* affirmed the dismissal, noting that agreements arising from the criminal context do not ordinarily give rise to claims for monetary damages. *Sanders*, 252 F.3d at 1335. Accordingly, the Federal Circuit reasoned that a claim for money damages for the alleged breach of such an agreement may not be maintained under the Tucker Act "unless the agreement clearly and unmistakably subjects the government to monetary liability for any breach." *Id.* The Federal Circuit also noted that this rule serves the important policy consideration of leaving the enforcement mechanism for a criminal-related agreement in the district court where the agreement was negotiated and executed. *See id.* at 1335–36. Indeed, Congress vested the district courts—not this Court—with general jurisdiction to oversee the criminal-justice system. *See id.*

■ Applying this framework, the Federal Circuit in *Sanders* found no evidence that the United States had subjected itself to monetary liability in the event of a breach. *See Sanders*, 252 F.3d at 1336. Similarly, in this case, the plaintiff has alleged that he entered into a contract with the United States during the course of his criminal case. The plaintiff, however, has failed to offer any specific details to explain the exact nature of this purported contract, and he has not demonstrated that his alleged agreement "clearly and unmistakably subjects the government to monetary liability for any breach." *Id.* at 1335. Therefore, the Court does not have jurisdiction under the Tucker Act to entertain the plaintiff's contract claim, which was

allegedly entered into within the context of the plaintiff's criminal case.

3. The Court does not have jurisdiction over the plaintiff's constitutional claims.

■ Finally, as with the plaintiff's tort and contract claims, the Court does not have jurisdiction under the Tucker Act to entertain the plaintiff's constitutional claims. As with the other allegations in the plaintiff's Complaint, it is difficult to discern the exact nature of the plaintiff's constitutional claims from his ambiguous pleadings. The plaintiff asserts that he was denied "full and due process of law in all criminal actions and proceedings against him * * *." Complaint at ¶ 44. Construing the plaintiff's allegations in the light most favorable to him, it appears that he has asserted a violation of his due process rights under the Fifth and/or Fourteenth Amendments. This Court, however, only has jurisdiction to entertain constitutional claims that arise from provisions that require the payment of monetary damages. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *New York Power Auth. v. United States,* 42 Fed.Cl. 795, 801 (1999). The due process clauses of the Fifth and Fourteenth Amendments are not money-mandating provisions. *See id.* Accordingly, the Court does not have jurisdiction to hear the plaintiff's due process claims under the Tucker Act.

B. *The plaintiff has not stated a claim for unjust conviction and imprisonment under 28 U.S.C. §§ 1495, 2513.*

■ The plaintiff's Complaint also erroneously seeks to invoke this Court's jurisdiction under the unjust conviction statutes codified at under 28 U.S.C. §§ 1495, 2513. This statutory scheme vests the Court of Federal Claims with jurisdiction to award up to $5,000 in damages to any person who has been unjustly convicted and imprisoned for an offense against the United States. *See id.* The unjust conviction statutory scheme, however, is very limited in its reach and has several requirements with which the plaintiff must strictly comply in order to recover any damages. *See Lucas v. United States,* 228

Ct.Cl. 862, 863, 1981 WL 21510 (1981). The Court need not examine all of these requirements because the plaintiff has failed to comply with the most fundamental requirement in this statutory scheme—he has not produced a pardon or a certificate from a court setting aside his conviction on the grounds of innocence and unjust conviction. *See* 28 U.S.C. § 2513(a), (b). In fact, the plaintiff is currently incarcerated, serving his criminal sentence arising from his guilty plea on drug and tax offenses.

It appears that the plaintiff's claim is merely an attempt to relitigate his criminal case, a case that resulted in his conviction after a guilty plea. The unjust conviction statute permits this Court to hear a claim for monetary damages only after a challenged conviction has been reversed on the grounds of innocence. *See* 28 U.S.C. § 2513; *accord Lucas,* 228 Ct.Cl. at 863; *Lott v. United States,* 11 Cl.Ct. 852, 853 (1987). The unjust conviction statutes do not give the Court authority to review and overturn convictions entered by a court of competent jurisdiction. *See Lucas,* 228 Ct.Cl. at 863; *Lott v. United States,* 11 Cl.Ct. at 853. Accordingly, the plaintiff's claims, to the extent brought under 28 U.S.C. §§ 1495, 2513, must be dismissed.

C. *The Court does not have jurisdiction to hear the plaintiff's claims under 28 U.S.C. § 2502.*

■ Finally, the plaintiff urges the Court to invoke its jurisdiction pursuant to 28 U.S.C. § 2502, a statute that permits foreign citizens to sue the United States in the Court of Federal Claims only if: (1) their country of origin grants a reciprocal right to citizens of the United States; and (2) the subject matter of the suit is otherwise within this Court's jurisdiction. *See id.* This claim fails because, like the Tucker Act, 28 U.S.C. § 2502 does not create a substantive right to sue the United States. Therefore, because the plaintiff has failed to prove that the Court otherwise has jurisdiction to hear his claims, he cannot invoke jurisdiction under 28 U.S.C. § 2502.

Furthermore, the plaintiff has not established that he is a foreign citizen, as is required by 28 U.S.C. § 2502. In his Com-

plaint, the plaintiff asserts that "no agent and/or agency of government (including courts) can gain jurisdiction over me, a sovereign, without my consent * * *." Complaint at ¶ 7. The plaintiff elaborates upon this allegation in his brief, apparently arguing that he should be allowed to declare himself a foreign citizen: "Gary Thomas Dethlefs, sui juris, a free born human male, a mortal man with sentient and moral existence, being a native born sovereign American by birthright and by law is an Ambassador of Sovereign American Nationale." Plaintiff's Response to the Defendant's Motion to Dismiss at 2. Thus, while these allegations may show that the plaintiff seeks to disavow his American citizenship, these allegations, even if true, do not prove that the plaintiff is a foreign citizen. Accordingly, the plaintiff cannot invoke 28 U.S.C. § 2502 as a basis for jurisdiction in this case. Therefore, the plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction.

II. The Court Has No Authority to Grant the Relief Requested by the Plaintiff.

■ The Court must also dismiss the plaintiff's Complaint because the plaintiff seeks relief that is essentially equitable in nature. As a jurisdictional matter, this Court lacks general authority to grant relief, monetary or otherwise, on purely equitable grounds. *See Bowen v. Massachusetts,* 487 U.S. 879, 893–94, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *Glidden Co. v. Zdanok,* 370 U.S. 530, 557, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962). To invoke the jurisdiction of this Court, a plaintiff "must present a claim for 'actual, presently due money damages from the United States.'" *National Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed.Cir.1998) (quoting *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). The Tucker Act limits the Court's authority to award equitable relief only when such an award would be ancillary to an affirmative obligation of the federal government to pay money damages, *see* 28 U.S.C. § 1491(a)(2); *accord James v. Caldera,* 159 F.3d 573, 580–81 (Fed.Cir.1998), or in preaward bid protest cases. *See* 28 U.S.C. § 1491(a)(3).

Here, the plaintiff's Complaint seeks relief that is equitable in nature. The plaintiff requests an injunction to overturn his criminal conviction, and he asks for a declaratory judgment that he is not a citizen of the United States. *See* Complaint at 35. Moreover, the only damages sought by the plaintiff are calculated on a per diem basis dating back to the time of his arrest and subsequent indictment on drug and tax offenses. *See id.* Thus, the plaintiff's damages claim is ancillary to his claim that he has been wrongfully convicted and incarcerated for his criminal offenses. The Court has no authority to grant the relief sought by the plaintiff in his Complaint. Accordingly, the plaintiff's Complaint must be dismissed.

### CONCLUSION

The Court hereby grants the Defendant's Motion to Dismiss and denies both the plaintiff's Motion for Judgment on the Pleadings and the plaintiff's Motion for an Injunction.

The Clerk of the Court shall enter judgment dismissing the Complaint.

Each party is to bear its own costs.