# In the United States Court of Federal Claims

No. 13-33C
(Filed: January 29, 2013)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| JAMES BOWERS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION

Mr. James Bowers Johnson filed his complaint in this court on January 14, 2013, as a pro se plaintiff.[1] Mr. Johnson's complaint is characterized as a "Bill in Equity, Petition for Suit/Injunction for Criminal Case." Compl. at 1. Mr. Johnson's complaint alleges several due process violations against two United States Attorneys, an Internal Revenue Service Agent, a federal judge, and the federal government connected with his indictment and arrest in April 2012 for a crime involving tax violations, and his subsequent arrest in December 2012 for violation of his bond conditions. Mr. Johnson alleges that he "refus[ed] to consent to be the Defendant" in his case and as a result was placed, "under threat, coercion, and duress" into solitary confinement. Compl. ¶¶ 4-5. Mr. Johnson also alleges a lack of correspondence from the Internal Revenue Service and the Department of Justice concerning the criminal investigation into Mr. Johnson's activities. Compl. ¶ 5. Mr. Johnson alleges that another entity, CHTE Financial, has an "equitable claim" in his case. Compl. ¶ 5. Finally, Mr. Johnson alleges that the federal

---

[1] In his complaint, Mr. Johnson "claims status of pauper and is unable to pay for filing costs and service fees." Compl. ¶ 8. For the limited purpose of filing the complaint, the court construes this request as a motion for leave to proceed in forma pauperis, and **GRANTS** this request.

government intends "to incarcerate [him] up to 6 years if found guilty" and intends to file additional criminal charges. Compl. ¶ 5. Mr. Johnson seeks relief for the "protection and enforcement of his substantive rights, property rights" including "an injunction and granted liberty, general and specific relief." Compl. ¶ 7.

The affidavit attached to Mr. Johnson's complaint also alleges primarily due process violations. Mr. Johnson alleges that the federal judge presiding over his case denied disposition of his case. Affidavit ¶ 5. Mr. Johnson further alleges that he fired the judge and several other federal government officials as trustees, cancelled the securities involved in his case, and asked for the return of his original securities from the judge. Affidavit ¶¶ 6-8. Mr. Johnson further claims that the court that heard his criminal case lacked jurisdiction to hear his case. Affidavit ¶ 15. Mr. Johnson's affidavit seeks relief under admiralty and equity law. Id. ¶¶ 10-11.

Before proceeding to the issues presented in Mr. Johnson's complaint, the court must first determine whether it possesses jurisdiction over Mr. Johnson's complaint. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter the court must decide. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Jurisdiction is a threshold matter because a case cannot proceed if a court lacks jurisdiction to hear it. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that "the allegations stated in the complaint are . . . true." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). A pro se plaintiff, such as Mr. Johnson, is entitled to a liberal construction of the pleadings. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The burden is on Mr. Johnson to establish that this court has jurisdiction to hear his complaint. See M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). If Mr. Johnson cannot establish jurisdiction, his complaint must be dismissed under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. This rule states that if the court at any time finds it lacks subject matter jurisdiction over the claims before it, the court must dismiss the action. Id.

2

Construing Mr. Johnson's claims liberally, Mr. Johnson's complaint first describes allegations against the federal government that amount to due process claims connected to his arrest, including threats on the part of the government when he refused to be named as a defendant in his criminal case. It is well-settled law that the Court of Federal Claims does not have jurisdiction over due process claims under the Due Process Clauses of the Fifth or Fourteenth Amendments. James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998) (holding that this court lacks jurisdiction over Fifth Amendment Due Process Clause claims) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fifth and Fourteenth Amendment Due Process Clauses are not sufficient bases for jurisdiction in the Court of Federal Claims)). Therefore, to the extent that Mr. Johnson's allegations are based on the Due Process Clauses, his claims must be dismissed.

In addition, to the extent that the threats, coercion, and duress could be construed as criminal claims or tort claims, this court lacks jurisdiction over those claims. See 28 U.S.C. § 1491(a)(1) (precluding jurisdiction for cases "sounding in tort"); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

Second, Mr. Johnson claims that the court that presides over his criminal case lacks jurisdiction over his case, and seeks relief partially based on the actions of the presiding judge. However, to the extent Mr. Johnson requests that the court review decisions of other courts relating to the proceedings before those courts, this court does not have jurisdiction over those claims. Joshua, 17 F.3d at 380 (holding that the Court of Federal Claims cannot review the decisions of other courts relating to proceedings before those courts); see Dethlefs v. United States, 60 Fed. Cl. 810, 814 (2004) (holding that the Court of Federal Claims does not have "authority to review and overturn convictions entered by a court of competent jurisdiction").

Finally, plaintiff's complaint seeks equitable relief, and plaintiff's affidavit further seeks relief under the laws of admiralty. This court lacks jurisdiction to grant independent equitable relief. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) ("Although the Tucker Act has been amended to permit the Court of Federal Claims to grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction, there is no provision giving the Court of Federal Claims jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court." (citations omitted)). In addition, the Court of Federal Claims lacks admiralty jurisdiction. Sw. Marine of S.F., Inc. v. United States, 896 F.2d 532, 534 (Fed. Cir. 1990) ("Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts.").

3

In sum, Mr. Johnson has failed to establish jurisdiction in this court based on the allegations made in his complaint. Therefore, Mr. Johnson's claims must be dismissed under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge