# In the United States Court of Federal Claims

No. 12-915C

(Filed: April 19, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROBERT DAVID NEAL,

> *Plaintiff,*

v.

THE UNITED STATES,

> *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff claims that he is entitled to $250,000 for his alleged unjust imprisonment by virtue of the application of 28 U.S.C. § 1495 (2006). He seeks to proceed *in forma pauperis*. Defendant has moved to dismiss the complaint for lack of jurisdiction pursuant to Rule 12(b)(1), or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted . Plaintiff responded and defendant filed a reply.[1] Oral argument is unnecessary.

Although this court does have jurisdiction under section 1495 of title 28 for claims of unjust conviction and imprisonment, that section must be read in conjunction with section 2513 of the same title. Section 2513 reads, in

---

[1] Plaintiff moved to strike defendant's reply brief on the basis that it was filed out of time. Due to clerical error in the clerk's office, the filing date of plaintiff's response was erroneously recorded on the court's docket, which in turn lead to a later deadline for the filing of the reply. Plaintiff relies on the actual filing date of his response in moving to strike the reply. We need not reach the issue due to the obvious jurisdictional deficiencies in the complaint.

relevant part:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
>> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust and conviction and
>> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513(a)-(b) (2006). Thus, a claim under section 1495 can only be proven by a certificate of issuance or pardon, "and other evidence thereof shall not be received." *Id.* § (b); *see also Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002). That requirement is construed strictly and is jurisdictional; that is to say, without such a certificate, this court has no jurisdiction to hear a claim under section 1495. *See,* e.g., *Vincin v. United States*, 468 F.2d 930, 933 (1972) ("The unjust conviction statue has always been strictly construed."); *Lucas v. United States*, 228 Ct. Cl. 862, 863 (1981) (dismissing for lack of jurisdiction because of lack of certificate of innocence). The basis of defendant's motion is that plaintiff has no certificate of innocence. Plaintiff responds that he does.

Plaintiff has not provided the necessary certificate of innocence. Plaintiff generated the document that he offers himself. It was originally attached to another self-generated document that purports to be an agreement between himself and the Bureau of Prisons, which he has filed in numerous lawsuits here and elsewhere. *See* Pl.'s Resp. to Mot. to Dismiss Ex. 2 at 21.

2

It does not meet the requirements of 28 U.S.C. § 2513. Plaintiff's complaint must be dismissed for lack of jurisdiction.

Plaintiff's complaint may also be dismissed because it is clearly frivolous and an abuse of the judicial system. *See* 28 U.S.C. § 1915(e)(2) (2006). Plaintiff has a vexatious history in the federal courts, beginning with his conviction for wire fraud in the Northern District of Texas in 2007. *See United States v. Neal*, 294 Fed. App'x 96, 98 (5th Cir. 2008) (affirming conviction). He is currently serving a 327-month sentence in federal prison as a result. *See id.* He has attempted to gain his release and/ or money from the government by filing a string of frivolous actions in the federal courts.[2] We are aware of at least three other suits by Mr. Neal, or his alias, in this court.[3] Plaintiff attempted to file a fifth complaint, which recently resulted in a pre-filing injunction against him. The Chief Judge ordered the Clerk of Court to reject any future complaints from plaintiff unless prior approval by the court was sought and granted. *In Re Neal* (Fed. Cl. Apr. 10, 2013) (unpublished pre-filing injunction). The present suit is yet another abuse of the federal court system.[4]

Accordingly, the following is ordered:

1. Plaintiff's motion to strike defendant's reply in support of its motion to dismiss is denied.

2. Plaintiff's motion to proceed *in forma pauperis* is denied.

---

[2] An earlier order to show cause against Mr. Neal recites that "some 89 criminal, bankruptcy, and appellate actions in numerous other federal courts" have been filed by plaintiff. *In Re Neal* (Fed. Cl. Feb. 22, 2013) (unpublished order to show cause why pre-filing injunction should not be entered).

[3] They are case numbers 11-465, 12-368, and 13-31.

[4] Plaintiff's history of abuse of the courts gives reason to deny his motion to proceed *in forma pauperis* and dismiss his complaint for failure to pay the filing fee. Pursuant to the three strike rule of 28 U.S.C. § 1915(g) (2006), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if he has, "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted."

3.  Defendant's motion to dismiss is granted.  The Clerk's office is directed to dismiss the suit pursuant to rule 12(b)(1).


_____
ERIC G. BRUGGINK
Judge