# In the United States Court of Federal Claims

No. 25-737

Filed: August 25, 2025

|  |  |
|---|---|
| ANTONIO LETRELL BROWN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES OF AMERICA, | ) |
|  | ) |
| Defendant. | ) |

## OPINION AND ORDER

On April 28, 2025, plaintiff, Antonio Letrell Brown, proceeding *pro se*, filed a complaint with this Court, appearing to generally allege that he was wrongfully convicted in the case of *United States v. Davis*, No. 6:93-cr-148 in the United States District Court for the Middle District of Florida for a narcotics-related conspiracy in Florida. *See* Compl. at 2–4, ECF No. 1. Plaintiff also alleges that the government acted in bad faith by failing to disclose relevant documents when he was convicted. *Id*. at 16.

On June 25, 2025, the Court issued an order to show cause directing plaintiff to "identify which source or sources of law he is invoking and explain why this Court has jurisdiction over this case." *See* Order at 1, ECF No. 13. The June 25 order also stayed defendant's answer pending the Court's review of plaintiff's response. *Id*. On July 29, 2025, plaintiff responded to the Court's June 25 order and explained that he seeks relief under 28 U.S.C. § 1495. *See* ECF No. 18 at 1.

This Court's authority to hear cases is primarily grounded in the Tucker Act, 28 U.S.C. § 1491, which grants this Court with subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. *See* 28 U.S.C. § 1491(a)(1). Among the money-mandating claims that the Court is empowered to hear are claims "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." *See* 28 U.S.C. § 1495. In order to prevail on a claim under § 1495, the plaintiff must allege and prove that:

(1)      His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2)    He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

*See* 28 U.S.C. § 2513.  Section 2513 also establishes the means by which a plaintiff must prove his claim for relief under § 1495: "Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." *See* § 2513(b).  The plaintiff must obtain "the certificate of innocence from the federal district court" where he was convicted.  *Wood v. United States*, 91 Fed. Cl. 569, 576 (2009).  Under binding precedent, this requirement "is a prerequisite to the jurisdiction of the Court of Federal Claims." *Id.* at 577 (citing, *inter alia*, *Moore v. United States*, 230 Ct. Cl. 819, 820 (1982)).

Plaintiff's complaint fails to clear the jurisdictional hurdle because he has not submitted a certificate of innocence from the federal district court where he was convicted—*i.e.*, the United States District Court for the Middle District of Florida.  Therefore, this Court must dismiss the complaint for lack of subject-matter jurisdiction.  *See* R. Ct. Fed. Cl. 12(h)(3); *see also Wood v. United States*, 91 Fed. Cl. 569, 577 (2009) ("Accordingly, this court holds that compliance with § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims.").

To be sure, Mr. Brown did file motions for a certificate of innocence in the district court, but they were summarily stricken by that court.  *See* ECF Nos. 987, 989, 991, 994, 997, *United States v. Davis*, No. 6:93-cr-148.  To clear up any confusion, this Court clarifies that only the United States District Court for the Middle District of Florida can consider his request for a certificate of innocence.  If plaintiff chooses to file another motion for a certificate of innocence in the federal district court, he is advised to attach a copy of this Order.  To be clear, this Court does not express any position on whether plaintiff's claim of innocence has any merit.  That question is for the federal district court.

For the reasons provided above, the Court ORDERS as follows:

1.  Plaintiff's outstanding motions, ECF Nos. 7 and 8, are **DENIED**;

2.  This case is **DISMISSED WITHOUT PREJUDICE** pursuant to RCFC 12(h)(3);

3.  The Clerk is directed to enter judgment accordingly; and

4.  The Clerk is further directed to transmit a copy of this Order to the clerk of the court for the United States District Court for the Middle District of Florida, and request that court to bring this Order to the attention of the presiding judge in Case No. 6:93-cr-148.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge